UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21831-CV-MARTINEZ
(18-20135-CR-MARTINEZ)
MAGISTRATE JUDGE REID

ERIC LEE DURANT,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Motion to Vacate filed pursuant to 28 U.S.C. § 2255. [ECF No. 1].[1] This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Movant, **Eric Lee Durant**, is currently serving a 100-month term of imprisonment after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in the United States District Court for the Southern District of Florida, **Case No. 18-20135-CR-MARTINEZ**. [ECF No. 1]. In the Motion to Vacate, Movant seeks to challenge the constitutionality of his conviction and sentence, and raises his claims pursuant to 28 U.S.C. § 2255(f)(3) and the recent United States Supreme Court decision *United States v. Rehaif*, 588 U.S. ___, 139 S. Ct. 2191 (2019).

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 20-21831-CV-MARTINEZ. Citations to [CR-ECF] refer to docket entries in Movant's underlying criminal case, Case No. 18-20135-CR-MARTINEZ.

In short, Movant alleges that the Government failed to prove every element of the offense, and that as a result, his conviction and sentence must be vacated because there was "a fundamental defect in his conviction that is grave enough to be deemed a miscarriage of justice." [ECF No. 1 at 4, 15]. Respondent argues that Movant's claim should be denied because it is procedurally defaulted, and Movant cannot demonstrate actual innocence. [ECF No. 7].

Upon receipt of a Motion to Vacate, the Court "must promptly examine it." Rules Governing Section 2255 Proceedings, R. 4(b). Upon review of the record in this case and Movant's underlying criminal case, it is **RECOMMENDED** that the Motion [ECF No. 1] be **DENIED**, as discussed below.

## II. Discussion

A.   Standard of Review

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned,

result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

B.  Movant's Claim

Movant's liberally construed Motion to Vacate makes several related claims, all of which rely upon *Rehaif*. *Rehaif* "clarified that 'in a prosecution under [18 U.S.C.] § 922(g) and [18

U.S.C.] § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020) (quoting *Rehaif*, 588 U.S. at ___, 139 S. Ct. at 2200).

### Claim 1

Movant's first claim is that despite his guilty plea, "[t]he Government did not satisfy elements" of his offense, specifically that: (1) "the Petitioner possessed the firearm;" (2) "the firearm travelled in interstate commerce;" (3) the Petitioner was previously a convicted felon;" and (4) "the Petitioner knew he was a previously convicted felon, and as a result he knew he was barred from possessing a firearm." [ECF No. 1 at 4]. Respondent alleges that this claim is procedurally defaulted, and that even if it were not, it should be denied as meritless. The Undersigned agrees with Respondent.

Movant's claim is procedurally defaulted because it was not raised on direct appeal. *See Lynn*, 365 F.3d at 1234. To overcome this procedural default, Movant must show both "cause" for the default and "actual prejudice" from the alleged error. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Here, even assuming, *arguendo*, the fact that *Rehaif* was not yet decided is sufficient to demonstrate cause, Movant cannot show actual prejudice. "To establish prejudice, [Movant] would have to prove that [he] suffered actual prejudice, not merely 'the possibility of prejudice.'" *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (quoting *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013)). "The error must have been one 'of constitutional dimensions' and worked to their 'actual and substantial disadvantage.'" *Id.* (quoting *Fordham*, 706 F.3d at 1350).

4

Movant cannot demonstrate prejudice on this claim because he is incorrect on the four elements of his offense and *Rehaif's* implications on 18 U.S.C. § 922(g). In addition, his argument is directly contradicted by the record in Movant's underlying federal criminal case.

As a threshold matter, Movant is incorrect in claiming that, after *Rehaif*, 18 U.S.C. § 922(g) requires the Government prove "that the [defendant] knew he was a previously convicted felon, and as a result he knew he was barred from possessing a firearm." [ECF No. 1 at 4]. "The proper interpretation of the statute thus turns on what it means for a defendant to know that he has 'violate[d]' §922(g)." *Rehaif*, 588 U.S. at ___, 139 S. Ct. at 2195.

"With some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, 'being an alien . . . illegally or unlawfully in the United States'); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195-96. Accordingly, Movant's claim could be denied solely on this basis, because § 922(g) does not require the Government prove the defendant knew they were barred from possessing a firearm. The government need only prove that Movant knew that he was a convicted felon. *Id.* at 2197.

Movant's claim is also directly contradicted by the record. First, in the underlying federal criminal case, Movant signed and executed a written Factual Proffer which stipulated to his conduct. [CR-ECF No. 16]. Crucially, Movant admitted: (1) that "he purchased the firearm" satisfying the possession element; (2) that "the firearm and ammunition both travelled in interstate commerce;" and (3) that he was previously a convicted felon who had not had his right to possess a firearm restored. [*Id.*]. While the Factual Proffer does not discuss whether Movant "knew he was

5

a previously convicted felon, and as a result he knew he was barred from possessing a firearm," again, there is no such requirement under § 922(g)(1). Thus, either way the claim should be denied.

### Claim 2

Movant's second claim is very similar to his first. Here, Movant essentially rephrases his first claim and argues that "[t]he statutory text of § 922(g) specifies" that "possession of a firearm by an individual is unlawful if: (1) the status of the individual is one of the nine enumerated in 922(g), (2) if the individual knows what his status is, and (3) if the individual knows that his status falls within the relevant category of those who are barred from possessing a firearm." [ECF No. 1 at 5]. Just as in Movant's first claim, this claim is also procedurally defaulted because it was not raised on direct appeal and just as in Movant's first claim, Movant cannot demonstrate prejudice to overcome the procedural default.

Movant cannot demonstrate prejudice because he again misinterprets the elements of his offense and *Rehaif's* implications on 18 U.S.C. § 922(g). To be clear, while 18 U.S.C. § 922(g) requires that a defendant have knowledge of "his status," it does not additionally require the defendant "know[] that his status falls within the relevant category of those who are barred from possessing a firearm."

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 588 U.S. at ___, 139 S. Ct. at 2200. *Rehaif* requires a defendant have knowledge of his status, not of the downstream legal implications of knowingly possessing a gun knowing such status. Accordingly, this claim should also be denied.

### Claims 3 and 4

6

In the Motion to Vacate, Movant also references a third and fourth claim, and directs the Court to his attached Memorandum of Law. [ECF No. 1 at 7-8]. In the Memorandum of Law, Movant does not clearly articulate these claims or explain what they are, however, in an abundance of caution the Undersigned will attempt to address Movant's arguments.

The one argument the Undersigned can glean from the Memorandum of Law is where Movant states that "[i]n accordance with the holding in *Rehaif*, the Government failed to prove that this Petitioner knew that this status as a previously convicted felon placed him in a relevant category of persons barred from possessing a firearm." [*Id*. at 16]. Again, Movant misconstrues the holding in *Rehaif*.

Movant's argument goes a step further and suggests that the Government prove that the defendant knew of the law barring him from possessing a firearm. This argument is not supported by the law. Accordingly, this claim should be denied.

### New Arguments on Reply

Though it is improper to raise new arguments on reply, the Undersigned will still address such arguments raised by Movant.

Movant first alleges that the Government improperly relied upon circumstantial evidence to show Movant had knowledge of his status as a felon. [ECF No. 9 at 1]. In support, he says it is improper to instruct a jury to convict "by piling inference upon inference." [*Id*. at 2]. Here, this argument is meritless because Movant pleaded guilty, and his case did not go to trial or before a jury. Movant improperly attempts to shift the burden to Respondent. The fact is that it is his burden to prove his claims in this § 2255 case, *see Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), and he must demonstrate he is actually entitled to relief.

Movant next argues that his guilty plea was not knowing because he was not properly informed of the elements of the § 922(g)(1) charge he was pleading guilty to. [*Id*. at 2-4]. Just as his above claims, this claim is also procedurally defaulted.

For a guilty plea to be knowing and voluntary, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of the plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea ... must show a reasonable probability that, but for the error, he would not have entered the plea." *Id*. at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Here, Movant does not claim coercion or that he did not understand the consequences of his plea. Rather, Movant alleges that his guilty plea was not voluntary because he did not understand the nature of the charges, either as a violation of Due Process or under Fed. R. Crim. P. 11. [ECF No. 9 at 2-4].

However, under Fed. R. Crim. P. 11, the claim should be denied because "[s]uch a violation is neither constitutional nor jurisdictional." *United States v. Timmreck*, 441 U.S. 780, 783 (1979). A technical violation of Fed. R. Crim. P. 11 is not *per se* prejudicial, and "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Id*. at 785 (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

Further, while Movant alleges that he was not aware of the nature of the charges against him, which does raise a potential Due Process issue, he does not argue that "if he had been properly advised by the trial judge, he would not have pleaded guilty." *Id*. at 784; *see also United States v. King*, 292 F. App'x 788, 790 (11th Cir. 2008) (*per curiam*) ("Here, assuming without deciding that the district court erred in its Rule 11 colloquy, King has not demonstrated (nor has he even argued)

8

that but-for the alleged Rule 11 errors he would not have pleaded guilty."). In fact, Movant makes no argument regarding prejudice, and thus his procedural default can only be excused if he can demonstrate "actual innocence," discussed below. *See Murray*, 477 U.S. at 496.

Next, Movant argues that the Court should use a "plain error" standard and cites to, among other cases, *United States v. Olano*, 507 U.S. 725, 732 (1993) in support of this standard. [*Id*. at 4-6]. This argument is misplaced, because the plain error standard does not apply on collateral review. *See Frady*, 456 U.S. at 165-66.

Finally, Movant argues that he is actually innocent. This argument will be discussed separately below.

## Actual Innocence

"To establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotations and citations omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id*. at 623-24 (internal quotations and citations omitted). Accordingly, the Court is not limited to the trial record when adjudicating a claim of actual innocence, and can look to other evidence. *See Schlup v. Delo*, 513 U.S. 298, 328 (1995). Movant cannot meet his burden to demonstrate actual innocence.

Movant fails to establish actual innocence because there is substantial evidence to establish that Movant is guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). After *Rehaif*, to establish a violation of § 922(g)(1), the Government must prove: (1) that the defendant *knowingly* possessed a firearm or ammunition, and (2) that the defendant *knew* he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. *See Rehaif*, 588 U.S. at ___, 139 S. Ct. at 2200.

As for the first element, whether Movant knowingly possessed a firearm or ammunition, Movant does not appear to challenge this in his Motion to Vacate, and this element was not changed by *Rehaif*. Even so, Movant's signed Factual Proffer establishes that he did in fact knowingly possess the firearm in question, and thus this element is satisfied. [CR-ECF No. 16].

As for the second element, whether Movant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, Movant fails to meet his burden. The record in Movant's underlying federal criminal case shows that he has multiple prior felony convictions and indicates that Movant had to have known about them. Further, Movant previously served six years in prison for one of his felonies, and he gives no reason why he would not know that this happened prior to him possessing the firearm. Movant's claim that he is actually innocent or that he did not know he was a felon are incredible in light of this.

There is a "strong presumption" that Movant's stipulations in his Factual Proffer and statements to the Court are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Movant bears a "heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (citations omitted). Movant fails to meet his burden because he proffers nothing but conclusory and *post hac*, self-serving statements to the contrary.

As such, in light of all the evidence, Movant has failed to meet his burden to prove that it is more likely than not that no reasonable juror would have convicted him of violating 18 U.S.C. § 922(g)(1). *See Bousley*, 523 U.S. at 623 (internal quotations and citations omitted). Accordingly, Movant as failed to prove "actual innocence," and his Motion to Vacate should be denied

C.      Certificate of Appealability

A movant seeking to appeal a district court's final order denying his or her motion to vacate has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28

U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a movant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court has rejected a movant's claims on a procedural basis, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 484-85. "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Id*. at 485. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Upon consideration of the record, the Court should deny a certificate of appealability, because reasonable jurists would not find the assessment of the claims debatable or wrong, nor would they find it debatable whether the Court is correct in its procedural ruling. Notwithstanding, if Movant does not agree, Movant may bring this argument to the attention of the District Judge in objections to this Report.

### III. Recommendations

Based on the above, it is **RECOMMENDED** that the Motion to Vacate [ECF No. 1] be **DENIED**, that no Certificate of Appealability be issued, and this case be **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 15th day of March, 2021.

                                                     UNITED STATES MAGISTRATE JUDGE

cc:     **Eric Lee Durant**
        17495104
        Bennettsville Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 52020
        Bennettsville, SC 29512
        *PRO SE*